B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>Eastern District of North Carolina | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Turner Oakwood Properties, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**45-5017056** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |

| Street Address of Debtor (No. and Street, City, and State):<br>**10 N. Bloodworth St.**<br>**Raleigh, NC**<br><br>ZIP Code **27601** | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP Code |
|---|---|
| County of Residence or of the Principal Place of Business:<br>**Wake** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP Code |

Location of Principal Assets of Business Debtor
(if different from street address above):

---

**Type of Debtor**
(Form of Organization) (Check one box)

☐ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☑ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
☑ Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

☐ Chapter 7
☐ Chapter 9
☑ Chapter 11
☐ Chapter 12
☐ Chapter 13

☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts**
(Check one box)

☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
☑ Debts are primarily business debts.

---

**Filing Fee** (Check one box)

☑ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*

Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

---

**Statistical/Administrative Information**

☑ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(04/13)                                                                                                              Page 2

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Turner Oakwood Properties, LLC** |

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet)

| Location Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor: **Stephenia Kelly Williams** | Case Number: **14-01286-5-DMW** | Date Filed: **3/05/14** |
|---|---|---|
| District: **Eastern District of North Carolina** | Relationship: **Co-Owner** | Judge: **DMW** |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X_____<br>    Signature of Attorney for Debtor(s)        (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

    ☐ Yes, and Exhibit C is attached and made a part of this petition.

    ■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

    ☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

    ☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

    ■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

    ☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

    ☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

    ☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

        _____
        (Name of landlord that obtained judgment)

        _____
        (Address of landlord)

    ☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

    ☐    Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

    ☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(04/13)                                                               Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Turner Oakwood Properties, LLC** |

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
    Signature of Debtor

**X** _____
    Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

**X** _____
    Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

---

### Signature of Attorney*

**X** **/s/ William F. Braziel III** _____
Signature of Attorney for Debtor(s)

  **William F. Braziel III 39541**
Printed Name of Attorney for Debtor(s)

  **Janvier Law Firm**
Firm Name

  **1101 Haynes Street Suite 102**
  **Raleigh, NC 27604**

_____
Address

  **919-582-2323  Fax: 866 809-2379**
Telephone Number

  **March  6, 2015**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

---

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

**X** _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

---

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** **/s/ Augusta Bernadette Turner** _____
Signature of Authorized Individual

  **Augusta Bernadette Turner**
Printed Name of Authorized Individual

  **Member/Manager**
Title of Authorized Individual

  **March  6, 2015**
Date

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Eastern District of North Carolina

In re   **Turner Oakwood Properties, LLC**

Debtor(s)

Case No. _____

Chapter   **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|
| *Name of creditor and complete mailing address including zip code* | *Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | *Nature of claim (trade debt, bank loan, government contract, etc.)* | *Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | *Amount of claim [if secured, also state value of security]* |
| **Aaron Kaalund c/o Brian Darer 301 Fayettville Street Suite 1400 Raleigh, NC 27601** | **Aaron Kaalund c/o Brian Darer 301 Fayettville Street Suite 1400 Raleigh, NC 27601** | **Judgment against Augusta B. Turner before transfer of property** | | **4,492.08**<br><br>**(0.00 secured)** |
| **Bank of America Mail Stop CA6-919-01-23 400 National Way Simi Valley, CA 93065** | **Bank of America Mail Stop CA6-919-01-23 400 National Way Simi Valley, CA 93065** | **6 N. Bloodworth St. Raleigh, NC 27601 Date Purchased: Inherited Tax Value: $355,019.00 SC(1): Wake County Revenue Dept. Amount Owed: $0.00 SC(2)** | | **282,566.07**<br><br>**(280,500.00 secured)** |
| **Capital Ford Attn: Managing Agent 4900 Capital Blvd. Raleigh, NC 27616** | **Capital Ford Attn: Managing Agent 4900 Capital Blvd. Raleigh, NC 27616** | **Judgment Against Stephena Turner Williams prior to transfer of properties** | | **Unknown**<br><br>**(0.00 secured)** |
| **Elite Pool & Spa Attn: Managing Agent P.O.Box 1804 Garner, NC 27529** | **Elite Pool & Spa Attn: Managing Agent P.O.Box 1804 Garner, NC 27529** | **Judgment Against Stephena Williams before transfer of property** | | **Unknown**<br><br>**(0.00 secured)** |
| **Green Tree Servicing, LLC Attn: Managing Agent P.O. Box 6154 Rapid City, SD 57709-6154** | **Green Tree Servicing, LLC Attn: Managing Agent P.O. Box 6154 Rapid City, SD 57709-6154** | **7 N. East Street Raleigh, NC 27601 Date Purchased: Inherited Tax Value: $317,166.00 SC(1): Wake County Tax Amount Owed: $0.00 SC(2): Bank of Ame** | | **324,897.00**<br><br>**(159,000.00 secured)** |

B4 (Official Form 4) (12/07) - Cont.

In re   **Turner Oakwood Properties, LLC**                                              Case No. _____

_____
Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **J Stephen Baker, DDS**<br>**Attn: Managing Agent**<br>**200 Sawmill Road**<br>**Raleigh, NC 27615** | **J Stephen Baker, DDS**<br>**Attn: Managing Agent**<br>**200 Sawmill Road**<br>**Raleigh, NC 27615** | **Judgment against Stephena Williams before transfer of property** | | **Unknown**<br><br>**(0.00 secured)** |
| **Johnny Beale**<br>**Painting and Home Improvement**<br>**105 Saddleview Lane**<br>**Franklinton, NC 27525** | **Johnny Beale**<br>**Painting and Home Improvement**<br>**105 Saddleview Lane**<br>**Franklinton, NC 27525** | **Painting Work and Preparation on 10 N. Bloodworth. St.** | | **2,400.00** |
| **PSNC**<br>**Attn: Managing Agent**<br>**P.O. Box 100256**<br>**Columbia, SC 29202** | **PSNC**<br>**Attn: Managing Agent**<br>**P.O. Box 100256**<br>**Columbia, SC 29202** | **Judgment against Augusta B. Turner before transfer of property** | | **1,155.07**<br><br>**(0.00 secured)** |
| **Wells Fargo Bank, N.A.**<br>**Attn: Managing Agent**<br>**MAC# D3347.014 3476 Stateview Blvd**<br>**Fort Mill, SC 29715** | **Wells Fargo Bank, N.A.**<br>**Attn: Managing Agent**<br>**MAC# D3347.014 3476 Stateview Blvd**<br>**Fort Mill, SC 29715** | **404 E. Edenton St. Raleigh, NC 27601 Date Purchased: Inherited Tax Value: $462,408.00 SC(1): Wake County Revenue Dept. Amount Owed: $0.00 SC(2):** | | **286,084.63**<br><br>**(201,750.00 secured)** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**B4 (Official Form 4) (12/07) - Cont.**

In re    **Turner Oakwood Properties, LLC**                                    Case No. _____

_____
                    Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
|  |  |  |  |  |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Member/Manager of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date    **March  6, 2015**                        Signature    **/s/ Augusta Bernadette Turner**

_____                      **Augusta Bernadette Turner**
                                                               **Member/Manager**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B6 Summary (Official Form 6 - Summary) (12/14)

.

# United States Bankruptcy Court
## Eastern District of North Carolina

In re   **Turner Oakwood Properties, LLC**_____,   Case No. _____

Debtor

Chapter_____**11**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 9 | 967,050.00 | | |
| B - Personal Property | Yes | 3 | 2,030.00 | | |
| C - Property Claimed as Exempt | Yes | 3 | | | |
| D - Creditors Holding Secured Claims | Yes | 3 | | 981,008.20 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 2 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 2,400.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 23 | | | |
| Total Assets | | | 969,080.00 | | |
| Total Liabilities | | | | 983,408.20 | |

B 6 Summary (Official Form 6 - Summary) (12/14)

.

# United States Bankruptcy Court
### Eastern District of North Carolina

In re    **Turner Oakwood Properties, LLC**
                                                                    ,
                                            Debtor

Case No. _____

Chapter _____**11**_____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | |
| Average Expenses (from Schedule J, Line 22) | |
| Current Monthly Income (from Form 22A-1 Line 11; OR, Form 22B Line 14; OR, Form 22C-1 Line 14 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

.

In re    **Turner Oakwood Properties, LLC**                                    Case No. _____
                                                                    ,
                                                    Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **10 N. Bloodworth St.**<br>**Raleigh, NC 27601**<br>**Date Purchased: Inherited**<br>**Purchase Price: $35,000.00**<br>**Tax Value: $516,205.00**<br>**SC(1): Wake County Revenue Dept.**<br>**Amount for 2012/2013/2014**<br>**Amount Owed: $15,313.35**<br>**Market Value: $325,800.00** | **75% Interest** | - | **325,800.00** | **81,813.35** |
| **404 E. Edenton St.**<br>**Raleigh, NC 27601**<br>**Date Purchased: Inherited**<br>**Tax Value: $462,408.00**<br>**SC(1): Wake County Revenue Dept.**<br>**Amount Owed: $0.00**<br>**SC(2): Wells Fargo**<br>**Amount Owed: $286,084.63**<br>**Fair Market Value: $201,750.00** | **75% Interest** | - | **201,750.00** | **286,084.63** |
| **6 N. Bloodworth St.**<br>**Raleigh, NC 27601**<br>**Date Purchased: Inherited**<br>**Tax Value: $355,019.00**<br>**SC(1): Wake County Revenue Dept.**<br>**Amount Owed: $0.00**<br>**SC(2): Bank of America**<br>**Amount Owed: $282,566.07**<br>**Fair Market Value: $280,500.00** | **75% Interest** | - | **280,500.00** | **282,566.07** |
| **7 N. East Street**<br>**Raleigh, NC 27601**<br>**Date Purchased: Inherited**<br>**Tax Value: $317,166.00**<br>**SC(1): Wake County Tax**<br>**Amount Owed: $0.00**<br>**SC(2): Bank of America**<br>**Amount Owed: $324897**<br>**Fair Market Value: $159,000.00** | **75% Interest** | - | **159,000.00** | **324,897.00** |

|  |  |  |
|---|---|---|
| Sub-Total > | **967,050.00** | (Total of this page) |
| Total > | **967,050.00** | |

**0** continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

In re   **Turner Oakwood Properties, LLC** _____   Case No.   _____

Debtor(s)

## <u>SCHEDULE A - REAL PROPERTY</u>

### Explanation on the Transfer of Property to Turner Oakwood Properties, LLC.

On April 4th, 2014 Turner Oakwood Properties LLC (Hereinafter TOP LLC) was created to consolidate legal title of the following properties: 10 N Bloodworth, Raleigh NC, 404 E. Edenton St. Raleigh, NC, 7 N. East St. Raleigh, NC, 6 N. Bloodworth St. Raleigh, NC (Hereinafter "The Properties").

On April 4th, 2014 TOP LLC was created by the Stephena Turner Williams, Hollyene Celeste Turner, Augusta Bernadette Turner. Upon creation of TOP LLC each sibling, transferred their 25% in each of the The Properties in exchange for a 1/3 interest in TOP LLC.

On April 4, 2014 The siblings signed a Quit Claim Deed attached as Exhibit A, which was recorded in Wake County Register of Deeds Book 15623 Pages 1427-1432 (Hereinafter "Deed"). Wake County Register of Deeds recorded the deed and Wake County Tax Records have been updated to reflect the transfer.

After the filing of the Deed it was discovered by Augusta Bermadette Turner that the Stephena Turner Williams had filed chapter 13 bankruptcy and failed to request Court permission for this transfer of estate property. After discovery of this fact TOP, LLC filed a motion in her case to approve and validate the April 4, 2014 transfer. An order approving the transfer was entered in Stephena Turner Williams chapter 13 was entered on January 8, 2015, and is attached as Exhibit B.

```
                                    WAKE COUNTY. NC  292
                                    LAURA M RIDDICK
                                    REGISTER OF DEEDS
                                    PRESENTED & RECORDED ON
                                    04/04/2014 AT 16:40:22

                               BOOK:015623 PAGE:01427 - 01432
```

## NORTH CAROLINA GENERAL WARRANTY DEED

Excise Tax: $0.00

Parcel Identifier No. 0070719; 0012324; 0046564; 0022564 Verified by _____ County on the ____ day of _____
By: _____

Mail/Box to: Grantee

This instrument was prepared by: Elizabeth W. Newman, Newman And Newman, Attorneys At Law PLLC 304 East Jones Street, Raleigh, NC 27601

Brief description for the Index: **Parcel 1, 2, 3 and 5 Survey for Frank Turner, BM 1998, page 468**

THIS DEED made this ____ day of March, 2014, by and between

| GRANTOR | GRANTEE |
|---|---|
| **STEPHENA TURNER WILLIAMS (A 1/4 INTEREST) AND HUSBAND, JOHN FRANKLIN WILLIAMS;** **HOLLYENE CELESTE TURNER, SINGLE (A 1/4 INTEREST);** **AND AUGUSTA BERNADETTE TURNER, SINGLE (A 1/4 INTEREST)** **10 North Bloodworth Street** **Raleigh, North Carolina 27601** | **TURNER OAKWOOD PROPERTIES, LLC, A NORTH CAROLINA LIMITED LIABILITY COMPANY** **Mailing Address: 10 North Bloodworth Street** **Raleigh, North Carolina 27601** |

Enter in appropriate block for each party: name, address, and, if appropriate, character of entity, e.g. corporation or partnership.

The designation Grantor and Grantee as used herein shall include said parties, their heirs, successors, and assigns, and shall include singular, plural, masculine, feminine or neuter as required by context.

WITNESSETH, that the Grantor, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple, all that certain lot or parcel of land situated in the City of Raleigh, Raleigh Township, Wake County, North Carolina and more particularly described as follows:

**See Attached Exhibit A**

**\*This Deed is being recorded to transfer 3/4 interest to Turner Oakwood Properties, LLC, a North Carolina, Limited Liability Company. John Frederick Turner maintains a 1/4 interest based on the deed recorded in Book 14298, page 1892, Wake County Registry.**

NC Bar Association Form No. 3 © 1976, Revised © 1977, 2002
Printed by Agreement with the NC Bar Association – 1981 - Chicago Title Insurance Company

**10 North Bloodworth, herein referenced on Exhibit A as Parcel 2, IS the primary residence of Grantors; Augusta Bernadette Turner and Hollynene Celeste Turner.**
**6 N Bloodworth Street, 404 E. Edenton Street and 7 N. East Street, herein referenced on Exhibit A as Parcels 1,3 and 5 ARE NOT the primary residence of any Grantors.**

The property hereinabove described was acquired by Grantor by instrument recorded in Book 14298, page 1892, Wake County Registry.

A map showing the above described property is recorded in Book Of Maps 1998, Page 468, Wake County Registry.

TO HAVE AND TO HOLD the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple.

And the Grantor covenants with the Grantee, that Grantor is seized of the premises in fee simple, has the right to convey the same in fee simple, that title is marketable and free and clear of all encumbrances, and that Grantor will warrant and defend the title against the lawful claims of all persons whomsoever, other than the following exceptions:

1. **2014 ad valorem taxes.**
2. **Subject to Declaration of Covenants, Conditions, and Restrictions of Record, if any.**
3. **Parcel 1: Subject to Deed of Trust recorded in Book 12236, page 1382, Wake County Registry.**
4. **Parcel 2: Subject to Deed of Trust recorded in Book 3242, page 322, Wake County Registry and Book 14298, page 1900, Wake County Registry.**
5. **Parcel 3: Subject to Deed of Trust recorded in Book 12217, page 1868, Wake County Registry.**
6. **Parcel 5: Subject to Deed of Trust recorded in Book 12236, page 1401, Wake County Registry.**

IN WITNESS WHEREOF, the Grantor has duly executed the foregoing as of the day and year first above written.

_____
(Entity Name)

By: _____

    Title:

By: _____

    Title:

By: _____

    Title:

_____(SEAL)
STEPHENA TURNER WILLIAMS

_____(SEAL)
JOHN FRANKLIN WILLIAMS

_____(SEAL)
AUGUSTA BERNADETTE TURNER

_____(SEAL)
HOLLYENE CELESTE TURNER

_____(SEAL)

| SEAL-STAMP | State of North Carolina – County of ____ |
|---|---|
| | I, the undersigned Notary Public of the County and State aforesaid, certify that ____ personally appeared before me this day and acknowledged the due execution of the foregoing instrument for the purposes therein expressed. Witness my hand and Notarial stamp or seal this ____ day of ____ , 20 ____ . |
| | My Commission Expires: |
| | _____      Notary Public |
| SEAL-STAMP | State of North Carolina - County of _____ |

NC Bar Association Form No. 3 © 1976, Revised © 1977, 2002
Printed by Agreement with the NC Bar Association – 1981 - Chicago Title Insurance Company

I, the undersigned Notary Public of the County and State aforesaid, certify that _____ personally came before me this day and acknowledged that _he is the _____ of _____, a North Carolina or _____ corporation/limited liability company/general partnership/limited partnership (strike through the inapplicable), and that by authority duly given and as the act of such entity, __he signed the foregoing instrument in its name on its behalf as its act and deed. Witness my hand and Notarial stamp or seal, this _____ day of _____, 20____.

My Commission Expires:

_____            _____
                                   Notary Public

SEAL-STAMP        State of North Carolina - County of _____

I, the undersigned Notary Public of the County and State aforesaid, certify that _____
_____
_____

Witness my hand and Notarial stamp or seal, this _____ day of _____, 20____.

My Commission Expires:

_____            _____
                                   Notary Public

The foregoing Certificate(s) of _____
is/are certified to be correct. This instrument and this certificate are duly registered at the date and time and in the Book and Page shown on the first page hereof.

_____ Register of Deeds for _____ County

By:_____ Deputy/Assistant - Register of Deeds

NC Bar Association Form No. 3 © 1976, Revised © 1977, 2002
Printed by Agreement with the NC Bar Association – 1981 - Chicago Title Insurance Company

State of North Carolina
County of Wake

I, _Cynthia A. Driscoll Fearns_, a Notary Public for said County and State, certify that
_Stephena Turner Williams_ came before me this day
and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal, this the _4th_ day of _April_ , 201_4_

My commission expires: _9/26/16_

(notary stamp)

_____
Notary Public Signature

State of North Carolina
County of Wake

I, _Cynthia A. Driscoll Fearns_, a Notary Public for said County and State, certify that
_John Franklin Williams_ came before me this day
and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal, this the _4_ day of _April_ , 201_.

My commission expires: _9/26/16_

(notary stamp)

_____
Notary Public Signature

State of North Carolina
County of Wake

I, _Cynthia A. Driscoll Fearns_, a Notary Public for said County and State, certify that
_Augusta Bernadette Turner_ came before me this day
and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal, this the _4_ day of _April_ , 201_4_

My commission expires: _9/26/16_

(notary stamp)

_____
Notary Public Signature

State of North Carolina
County of Wake

I, _Cynthia A. Driscoll Fearns_, a Notary Public for said County and State, certify that
_Hollyene Celeste Turner_ came before me this day
and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal, this the _4_ day of _April_ , 201_4_

My commission expires: _9/26/16_

(notary stamp)

_____
Notary Public Signature

# EXHIBIT A

### Parcel 1

(6 N. Bloodworth Street) (Tax Account No. 0070719)

BEING all of Parcel 1 as shown on a plat entitled "Survey for Frank L. Turner and wife, Augusta B. Turner", prepared by Derward W. Baker, RLS, dated 1/27/1998 and recorded in BOM 1998, page 468, Wake County Registry.

### Parcel 2

(10 N. Bloodworth Street) Tax Account No. 0012324)

BEING all of Parcel 2 as shown on a plat entitled "Survey for Frank L. Turner and wife, Augusta B. Turner", prepared by Derward W. Baker, RLS, dated 1/27/1998 and recorded in BOM 1998, page 468, Wake County Registry.

### Parcel 3

(404 E. Edenton Street) (Tax Account No. 0046564)

BEING all of Parcel 3 as shown on a plat entitled "Survey for Frank L. Turner and wife, Augusta B. Turner", prepared by Derward W. Baker, RLS, dated 1/27/1998 and recorded in BOM 1998, page 468, Wake County Registry.

### Parcel 5

(7 N. East Street) (Tax Account No. 0022564)

BEING all of Parcel 5, as shown on a plat entitled "Survey for Frank L. Turner and wife, Augusta B. Turner", prepared by Derward W. Baker, RLS, dated 1/27/1998 and recorded in BOM 1998, page 468, Wake County Registry.



BOOK:015623 PAGE:01427 - 01432



# WAKE COUNTY

### NORTH CAROLINA

---

## Please retain yellow trailer page

**It is part of the recorded document and must be submitted with the original for re-recording.**

---

## Laura M. Riddick
## Register of Deeds
### Wake County Justice Center
### 300 South Salisbury Street, Suite 1700
### Raleigh, NC  27601

☐ New Time Stamp          ☐ $25 Non-Standard Fee

☐ Additional Document Fee  ☐ Additional Reference Fee

**This Customer Group**          **This Document**

____# of Time Stamps Needed      ____6____ # of Pages  14

# EXHIBIT B

**SO ORDERED.**

**SIGNED this 8 day of January, 2015.**

_David M. Warren_
**David M. Warren**
**United States Bankruptcy Judge**

_____

### UNITIED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

IN RE:                                                  CHAPTER 13

**STEPHENA ANN KELLY TURNER**               **CASE NO. 14-01286-5-DMW**
**WILLIAMS,**

        Debtor.

### ORDER GRANTING MOTION FOR APPROVAL OF
### DEBTOR'S POST-PETITION TRANSFER OF PROPERTY

      This matter coming before the Court on the Motion of Turner Oakwood Properties LLC, for an order approving Stephena Ann Kelly Turner Williams' (Hereinafter "Debtor") transfer of 25% in real property on April 4th, 2014 to Turner Oakwood Properties LLC.   For good cause shown in the motion;

      IT IS THEREFORE ORDERED that post-petition transfer of property from the Debtor to Turner Oakwood Properties LLC is approved, and the deed recorded in Wake County Register of Deeds Book 15623 Pages 1427-1432 on April 4, 2014 is valid.

### END OF DOCUMENT

B6B (Official Form 6B) (12/07)

In re  **Turner Oakwood Properties, LLC**                                              ,    Case No. _____
                                                                Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | | **Cash** | - | 0.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **SECU Checking Account** | - | 2,000.00 |
| | | **SECU Shares Account** | - | 30.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >          **2,030.00**
(Total of this page)

__2__   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Turner Oakwood Properties, LLC**
_____ ,    Case No. _____
Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >          **0.00**
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

B6B (Official Form 6B) (12/07) - Cont.

In re   **Turner Oakwood Properties, LLC**                                          ,        Case No. _____
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >                 0.00
(Total of this page)

Total >                 2,030.00

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property                              (Report also on Summary of Schedules)

Rev. 12/2009

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN THE MATTER OF:                                                                                CASE NUMBER:
**Turner Oakwood Properties, LLC**
    Debtor(s).

### SCHEDULE C-1 - PROPERTY CLAIMED AS EXEMPT

I, __Augusta Bernadette Turner__ , claim the following property as exempt pursuant to 11 U.S.C. § 522 and the laws of the State of North Carolina, and nonbankruptcy Federal law:  **(Attach additional sheets if necessary)**.

1. NCGS 1C-1601(a)(1) (NC Const., Article X, Section 2) REAL OR PERSONAL PROPERTY USED AS A RESIDENCE OR BURIAL PLOT (The exemption is not to exceed $35,000; however, an unmarried debtor who is 65 years of age or older is entitled to retain an aggregate interest in the property not to exceed $60,000 in value so long as the property was previously owned by the debtor as a tenant by the entireties or as a joint tenant with rights of survivorship and the former co-owner of the property is deceased, in which case the debtor must specify his/her age and the name of the former co-owner, if a child use initials only, of the property below).

| Description of Property and Address | Market Value | Owner (H)Husband (W)Wife (J)Joint | Mortgage Holder or Lien Holder | Amount of Mortgage or Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(1) |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

Debtor's Age: _____
Name of former co-owner: _____

VALUE OF REAL ESTATE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(1):  $    **0.00**

2. NCGS 1C-1601(a)(3) MOTOR VEHICLE (The exemption in one vehicle is not to exceed $3,500.)

| Model, Year Style of Auto | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(3) |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

VALUE OF MOTOR VEHICLE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(3):  $    **0.00**

3. NCGS 1C-1601(a)(4) (NC Const., Article X, Section 1) PERSONAL OR HOUSEHOLD GOODS (The debtor's aggregate interest is not to exceed $5,000 plus $1,000 for each dependent of the debtor, not to exceed $4,000 total for dependents).  The number of dependents for exemption purposes is  __0__ .

| Description of Property | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Claimed as Exempt Pursuant to NCGS 1C-1601(a)(4) |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

VALUE CLAIMED AS EXEMPT PURSUANT TO NCGS 1C-1601(a)(4):  $    **0.00**

4. NCGS 1C-1601(a)(5) TOOLS OF TRADE (The debtor's aggregate interest is not to exceed $2,000 in value).

| Description | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(5) |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

VALUE CLAIMED AS EXEMPT  PURSUANT TO NCGS 1C-1601(a)(5):  $    **0.00**

5. NCGS 1C-1601(a)(6) LIFE INSURANCE (NC Const., Article X, Section 5).

| Description\Insured\Last Four Digits of Policy Number\Beneficiary(if child, initials only) | | Cash Value |
|---|---|---|
| -NONE- | | |

Schedule C-1 - Property Claimed as Exempt - 12/2009

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

6.  NCGS 1C-1601(a)(7) PROFESSIONALLY PRESCRIBED HEALTH AIDS (For Debtor or Debtor's Dependents, no limit on value).

| Description |
| --- |
| -NONE- |

7.  NCGS 1C-1601(a)(8)  COMPENSATION FOR PERSONAL INJURY, INCLUDING COMPENSATION FROM PRIVATE DISABILITY POLICIES OR ANNUITIES, OR COMPENSATION FOR DEATH OF A PERSON UPON WHOM THE DEBTOR WAS DEPENDENT FOR SUPPORT. COMPENSATION NOT EXEMPT FROM RELATED LEGAL, HEALTH OR FUNERAL EXPENSE.

| Description AND Source of Compensation, Including Name (If child, initials only) & Last Four Digits of Account Number of any Disability Policy/Annuity |
| --- |
| -NONE- |

8.  NCGS 1C-1601(a)(2) ANY PROPERTY (Debtor's aggregate interest in any property is not to exceed $5,000 in value of any unused exemption amount to which the debtor is entitled under NCGS 1C-1601(a)(1)).

| Description of Property and Address | Market Value | Owner (H)Husband (W)Wife (J)Joint | Lien Holder | Amount of Lien | Net Value | Value Claimed as Exempt Pursuant to NCGS 1C-1601(a)(2) |
| --- | --- | --- | --- | --- | --- | --- |
| -NONE- | | | | | | |

**VALUE CLAIMED AS EXEMPT  PURSUANT TO NCGS 1C-1601(a)(2):  $     0.00**

9.  NCGS 1C-1601(a)(9) and 11 U.S.C. § 522  INDIVIDUAL RETIREMENT PLANS & RETIREMENT FUNDS, as defined in the Internal Revenue Code, and any plan treated in the same manner as an individual retirement plan, including individual retirement accounts and Roth retirement accounts as described in §§ 408(a) and 408A of the Internal Revenue Code, individual retirement annuities as described in § 408(b) of the Internal Revenue Code, accounts established as part of a trust described in § 408(c) of the Internal Revenue Code, and funds in an account exempt from taxation under § 401, 403, 408, 408A, 414, 457, or 510(a) of the Internal Revenue Code. For purposes of this subdivision, "Internal Revenue Code" means Code as defined in G.S. 105-228.90.

| Type of Account\Location of Account\Last Four Digits of Account Number |
| --- |
| -NONE- |

10.  NCGS 1C-1601(a)(10) FUNDS IN A COLLEGE SAVINGS PLAN, as qualified under § 529 of the Internal Revenue Code, and that are not otherwise excluded from the estate pursuant to 11 U.S.C. §§ 541(b)(5)-(6), (e), not to exceed a cumulative limit of $25,000. If funds were placed in a college savings plan within the 12 months prior to filing, the contributions must have been made in the ordinary course of the debtor's financial affairs and must have been consistent with the debtor's past pattern of contributions. The exemption applies to funds for a child of the debtor that will actually be used for the child's college or university expenses.

| College Savings Plan\Last Four Digits of Account Number\Value\Initials of Child Beneficiary |
| --- |
| -NONE- |

11.  NCGS 1C-1601(a)(11) RETIREMENT BENEFITS UNDER THE RETIREMENT PLANS OF OTHER STATES AND GOVERNMENTAL UNITS OF OTHER STATES (The debtor's interest is exempt only to the extent that these benefits are exempt under the laws of the state or governmental unit under which the benefit plan is established).

| Name of Retirement Plan\State Governmental Unit\Last Four Digits of Identifying Number |
| --- |
| -NONE- |

12.  NCGS 1C-1601(a)(12) ALIMONY, SUPPORT, SEPARATE MAINTENANCE, AND CHILD SUPPORT PAYMENTS OR FUNDS THAT HAVE BEEN RECEIVED OR TO WHICH THE DEBTOR IS ENTITLED  (The debtor's interest is exempt to the extent the payments or funds are reasonably necessary for the support of the debtor or any dependent of the debtor).

| Type of Support\Amount\Location of Funds |
| --- |
| -NONE- |

13.  TENANCY BY THE ENTIRETY.  The following property is claimed as exempt pursuant to 11 U.S.C. § 522 and the law of the State of North Carolina pertaining to property held as tenants by the entirety.

| Description of Property and Address | Market Value | Lien Holder | Amount of Lien | Net Value |
| --- | --- | --- | --- | --- |
| -NONE- | | | | |

**VALUE CLAIMED AS EXEMPT:  $     0.00**

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com                                                                      Best Case Bankruptcy

14.  NORTH CAROLINA PENSION FUND EXEMPTIONS

| **-NONE-** | |
|---|---|

15.  OTHER EXEMPTIONS CLAIMED UNDER LAWS OF THE STATE OF NORTH CAROLINA

| **-NONE-** | |
|---|---|

16.  FEDERAL PENSION FUND EXEMPTIONS

| **-NONE-** | |
|---|---|

17.  OTHER EXEMPTIONS CLAIMED UNDER NONBANKRUPTCY FEDERAL LAW

| **-NONE-** | |
|---|---|

18.  RECENT PURCHASES

(a).  List tangible personal property purchased by the debtor within ninety (90) days of the filing of the bankruptcy petition.

| Description | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
| **-NONE-** | | | | |

(b).  List any tangible personal property from 18(a) that is directly traceable to the liquidation or conversion of property that may be exempt and that was not acquired by transferring or using additional property.

| Description of Replacement Property | Description of Property Liquidated or Converted that May Be Exempt |
|---|---|
| | |

19.  The debtor's property is subject to the following claims:

a.  Of the United States or its agencies as provided by federal law.

b.  Of the State of North Carolina or its subdivisions for taxes, appearance bonds or fiduciary bonds;

c.  Of a lien by a laborer for work done and performed for the person claiming the exemption, but only as to the specific property affected.

d.  Of a lien by a mechanic for work done on the premises, but only as to the specific property affected.

e.  For payment of obligations contracted for the purchase of specific real property affected.

f.  For contractual security interests in specific property affected; provided, that the exemptions shall apply to the debtor's household goods notwithstanding any contract for a nonpossessory, nonpurchase money security interest in any such goods.

g.  For statutory liens, on the specific property affected, other than judicial liens.

h.  For child support, alimony or distributive award order pursuant to Chapter 50 of the General Statutes of North Carolina.

i.  For criminal restitution orders docketed as civil judgments pursuant to G.S. 15A-1340.38.

j.  Debts of a kind specified in 11 U.S.C. § 523(a)(1) (certain taxes), (5) (domestic support obligations).

k.  Debts of a kind specified in 11 U.S.C. § 522(c).

| Claimant | Nature of Claim | Amount of Claim | Description of Property | Value of Property | Net Value |
|---|---|---|---|---|---|
| **Wake County Revenue Dept.**<br>**Frank Turner**<br>**Francis Turner** | **Real Estate Tax** | 15,313.35<br>33,250.00<br>33,250.00 | **10 N. Bloodworth St.**<br>**Raleigh, NC 27601**<br>**Date Purchased:**<br>**Inherited**<br>**Purchase Price:**<br>**$35,000.00**<br>**Tax Value: $516,205.00**<br>**SC(1): Wake County**<br>**Revenue Dept.**<br>**Amount for**<br>**2012/2013/2014**<br>**Amount Owed:**<br>**$15,313.35**<br>**Market Value: $325,800.00** | 325,800.00 | 243,986.65 |

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com

| Claimant | Nature of Claim | Amount of Claim | Description of Property | Value of Property | Net Value |
|---|---|---|---|---|---|
| Wake County Revenue Department Wells Fargo Bank, N.A. | | 0.00 286,084.63 | 404 E. Edenton St. Raleigh, NC 27601 Date Purchased: Inherited Tax Value: $462,408.00 SC(1): Wake County Revenue Dept. Amount Owed: $0.00 SC(2): Wells Fargo Amount Owed: $286,084.63 Fair Market Value: $201,750.00 | 201,750.00 | 0.00 |
| Wake County Revenue Dept. Bank of America | Real Estate TAx | 0.00 282,566.07 | 6 N. Bloodworth St. Raleigh, NC 27601 Date Purchased: Inherited Tax Value: $355,019.00 SC(1): Wake County Revenue Dept. Amount Owed: $0.00 SC(2): Bank of America Amount Owed: $282,566.07 Fair Market Value: $280,500.00 | 280,500.00 | 0.00 |
| Wake County Revenue Department Green Tree Servicing, LLC | | 0.00 324,897.00 | 7 N. East Street Raleigh, NC 27601 Date Purchased: Inherited Tax Value: $317,166.00 SC(1): Wake County Tax Amount Owed: $0.00 SC(2): Bank of America Amount Owed: $324897 Fair Market Value: $159,000.00 | 159,000.00 | 0.00 |

None of the property listed in paragraph 18(a), except qualified replacement property under 18(b), has been included in this claim of exemptions.

None of the claims listed in paragraph 19 is subject to this claim of exemptions.

I declare that to the extent any exemptions I have claimed appear on its face to exceed the amount allowed by the applicable statute, I claim only the maximum amount allowed by statute.

UNSWORN DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF INDIVIDUAL
TO SCHEDULE C-1 - PROPERTY CLAIMED AS EXEMPT

I, __Augusta Bernadette Turner__ , declare under penalty of perjury that I have read the foregoing Schedule C-1 - Property Claimed as Exempt, consisting of 4 sheets, and that they are true and correct to the best of my knowledge, information and belief.

Executed on: __March  6, 2015__

__/s/ Augusta Bernadette Turner__
**Augusta Bernadette Turner**
Debtor

B6D (Official Form 6D) (12/07)

In re **Turner Oakwood Properties, LLC**                                    ,     Case No. _____
                              Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | | |
| Account No. **xxxx xxxxxxx xx xxx x0687** | | | | | **Judgment** | | | | | |
| **Aaron Kaalund** **c/o Brian Darer** **301 Fayettville Street Suite 1400** **Raleigh, NC 27601** | | | - | | **Judgment against Augusta B. Turner before transfer of property** | | | | | |
| | | | | | Value $                    0.00 | | | | 4,492.08 | 4,492.08 |
| Account No. | | | | | 6 N. Bloodworth St. Raleigh, NC 27601 Date Purchased: Inherited Tax Value: $355,019.00 SC(1): Wake County Revenue Dept. Amount Owed: $0.00 SC(2): Bank of America Amount Owed: $282,566.07 | | | | | |
| **Bank of America** **Mail Stop CA6-919-01-23** **400 National Way** **Simi Valley, CA 93065** | | | - | | | | | | | |
| | | | | | Value $             280,500.00 | | | | 282,566.07 | 2,066.07 |
| Account No. **xx xxx 7550** | | | | | 6/8/11 | | | | | |
| **Capital Ford** **Attn: Managing Agent** **4900 Capital Blvd.** **Raleigh, NC 27616** | | | - | | **Judgment Lien** **Judgment Against Stephena Turner Williams prior to transfer of properties** | | | | | |
| | | | | | Value $                    0.00 | | | | Unknown | Unknown |
| Account No. **xx xxx 9453** | | | | | 7/11/2007 | | | | | |
| **Elite Pool & Spa** **Attn: Managing Agent** **P.O.Box 1804** **Garner, NC 27529** | | | - | | **Judgment Lien** **Judgment Against Stephena Williams before transfer of property** | | | | | |
| | | | | | Value $                    0.00 | | | | Unknown | Unknown |

     __2__   continuation sheets attached

Subtotal
(Total of this page)                287,058.15          6,558.15

B6D (Official Form 6D) (12/07) - Cont.

In re  **Turner Oakwood Properties, LLC**                                  ,   Case No. _____
                                                    Debtor

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | JC | | | | | | |
| Account No. <br><br> **Francis Turner** <br> **Attn: Managing Agent** <br> **10001 Windstream Drive Suite 802** <br> **Columbia, MD 21044** | - | | | | **10 N. Bloodworth St.** <br> **Raleigh, NC 27601** <br> **Date Purchased: Inherited** <br> **Purchase Price: $35,000.00** <br> **Tax Value: $516,205.00** <br> **SC(1): Wake County Revenue Dept.** <br> **Amount for 2012/2013/2014** <br> **Amount Owed: $15,313.35** | | | | | |
| | | | | | Value $              325,800.00 | | | | 33,250.00 | 0.00 |
| Account No. <br><br> **Frank Turner** <br> **Attn: Managing Agent** <br> **7125 Brandywine Way** <br> **Columbia, MD 21046** | - | | | | **10 N. Bloodworth St.** <br> **Raleigh, NC 27601** <br> **Date Purchased: Inherited** <br> **Purchase Price: $35,000.00** <br> **Tax Value: $516,205.00** <br> **SC(1): Wake County Revenue Dept.** <br> **Amount for 2012/2013/2014** <br> **Amount Owed: $15,313.35** | | | | | |
| | | | | | Value $              325,800.00 | | | | 33,250.00 | 0.00 |
| Account No. <br><br> **Green Tree Servicing, LLC** <br> **Attn: Managing Agent** <br> **P.O. Box 6154** <br> **Rapid City, SD 57709-6154** | - | | | | **7 N. East Street** <br> **Raleigh, NC 27601** <br> **Date Purchased: Inherited** <br> **Tax Value: $317,166.00** <br> **SC(1): Wake County Tax** <br> **Amount Owed: $0.00** <br> **SC(2): Bank of America** <br> **Amount Owed: $324897** | | | | | |
| | | | | | Value $              159,000.00 | | | | 324,897.00 | 165,897.00 |
| Account No. **xx xxx x0623** <br><br> **J Stephen Baker, DDS** <br> **Attn: Managing Agent** <br> **200 Sawmill Road** <br> **Raleigh, NC 27615** | - | | | | **8/21/2012** <br><br> **Judgmnet Lien** <br><br> **Judgment against Stephena Williams before transfer of property** | | | | | |
| | | | | | Value $                     0.00 | | | | Unknown | Unknown |
| Account No. **xx xxx x2488** <br><br> **PSNC** <br> **Attn: Managing Agent** <br> **P.O. Box 100256** <br> **Columbia, SC 29202** | - | | | | **Judgmnet Lien** <br><br> **Judgment against Augusta B. Turner before transfer of property** | | | | | |
| | | | | | Value $                     0.00 | | | | 1,155.07 | 1,155.07 |

Sheet  __1__  of  __2__  continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal
(Total of this page)

| 392,552.07 | 167,052.07 |
|---|---|

B6D (Official Form 6D) (12/07) - Cont.

In re  **Turner Oakwood Properties, LLC** _____ ,   Case No. _____

Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. <br><br>**Wake County Revenue Department Attn: Managing Agent PO Box 2331 Raleigh, NC 27602** | - | | 404 E. Edenton St. Raleigh, NC 27601 Date Purchased: Inherited Tax Value: $462,408.00 SC(1): Wake County Revenue Dept. Amount Owed: $0.00 SC(2): Wells Fargo Amount Owed: $286,084.63 | | | | | |
| | | | Value $  201,750.00 | | | | 0.00 | 0.00 |
| Account No. <br><br>**Wake County Revenue Department Attn: Managing Agent PO Box 2331 Raleigh, NC 27602** | - | | 2014 7 N. East Street Raleigh, NC 27601 Date Purchased: Inherited Tax Value: $317,166.00 SC(1): Wake County Tax Amount Owed: $0.00 SC(2): Bank of America | | | | | |
| | | | Value $  159,000.00 | | | | 0.00 | 0.00 |
| Account No. <br><br>**Wake County Revenue Dept. Attn: Laverne Rountree PO Box 2331 Raleigh, NC 27602** | - | | 2012/2013/2014 Real Estate Tax 10 N. Bloodworth St. Raleigh, NC 27601 Date Purchased: Inherited Purchase Price: $35,000.00 Tax Value: $516,205.00 SC(1): Wake County Revenue Dept. | | | | | |
| | | | Value $  325,800.00 | | | | 15,313.35 | 0.00 |
| Account No. <br><br>**Wake County Revenue Dept. Attn: Laverne Rountree PO Box 2331 Raleigh, NC 27602** | - | | 2014 Real Estate TAx 6 N. Bloodworth St. Raleigh, NC 27601 Date Purchased: Inherited Tax Value: $355,019.00 SC(1): Wake County Revenue Dept. Amount Owed: $0.00 | | | | | |
| | | | Value $  280,500.00 | | | | 0.00 | 0.00 |
| Account No. **4523** <br><br>**Wells Fargo Bank, N.A. Attn: Managing Agent MAC# D3347.014 3476 Stateview Blvd Fort Mill, SC 29715** | - | | 404 E. Edenton St. Raleigh, NC 27601 Date Purchased: Inherited Tax Value: $462,408.00 SC(1): Wake County Revenue Dept. Amount Owed: $0.00 SC(2): Wells Fargo Amount Owed: $286,084.63 | | | | | |
| | | | Value $  201,750.00 | | | | 286,084.63 | 84,334.63 |

Sheet __2__ of __2__ continuation sheets attached to Schedule of Creditors Holding Secured Claims

| | Subtotal (Total of this page) | 301,397.98 | 84,334.63 |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | 981,008.20 | 257,944.85 |

B6E (Official Form 6E) (4/13)

.

In re   **Turner Oakwood Properties, LLC** _____ ,   Case No. _____
                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☑ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

__1__  continuation sheets attached

B6E (Official Form 6E) (4/13) - Cont.

In re  **Turner Oakwood Properties, LLC**                        ,  Case No. _____

                                    Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | For notice purposes only | | | | | |
| **Internal Revenue Service Attn:  Managing Agent PO Box 7346 Philadelphia, PA 19101-7346** | - | | | | | | 0.00 | 0.00 |
| Account No. | | | For notice purposes only | | | | | |
| **NC Dept. of Revenue Attn: Bankruptcy Unit PO Box 1168 Raleigh, NC 27602-1168** | - | | | | | | 0.00 | 0.00 |
| Account No. | | | For notice purposes only | | | | | |
| **Wake County Revenue Dept. Attn: Laverne Rountree PO Box 2331 Raleigh, NC 27602** | - | | | | | | 0.00 | 0.00 |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |

Sheet __1__ of __1__  continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal (Total of this page) | 0.00 / 0.00 |
|---|---|---|
| | Total (Report on Summary of Schedules) | 0.00 / 0.00 |

B6F (Official Form 6F) (12/07)

In re   **Turner Oakwood Properties, LLC**                                    , Case No. _____

_____
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> **Johnny Beale<br>Painting and Home Improvement<br>105 Saddleview Lane<br>Franklinton, NC 27525** | - | | **Painting Work and Preparation on 10 N. Bloodworth. St.** | | | | **2,400.00** |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

|  |  |
|---|---|
| __0__  continuation sheets attached | Subtotal (Total of this page) | **2,400.00** |
| | Total (Report on Summary of Schedules) | **2,400.00** |

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com

S/N:44227-150210   Best Case Bankruptcy

B6G (Official Form 6G) (12/07)

.

In re    **Turner Oakwood Properties, LLC**                                    ,    Case No. _____
                                                            Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
| --- | --- |
| **Various Tentants** | **TOP, LLC has 13 month to month leases with people residing at 7 N. East St, 10 N. Bloodworth, 404 E. Edenton, and 6 N. Bloodworth.**<br><br>**All contracts are on a month to month term and the entity does not require security deposits.** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2014 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

In re    **Turner Oakwood Properties, LLC**                                    ,    Case No. _____

                                                    Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

**0** continuation sheets attached to Schedule of Codebtors

**B6 Declaration (Official Form 6 - Declaration). (12/07)**

# United States Bankruptcy Court
### Eastern District of North Carolina

In re    **Turner Oakwood Properties, LLC**

Debtor(s)

Case No.

Chapter    **11**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Member/Manager of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___25___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date    **March 6, 2015**

Signature    **/s/ Augusta Bernadette Turner**

**Augusta Bernadette Turner**
**Member/Manager**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
### Eastern District of North Carolina

In re  **Turner Oakwood Properties, LLC**                                           Case No.                          

                                                    Debtor(s)                           Chapter       **11**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
■

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

            AMOUNT                      SOURCE

---

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$10,000.00** | **2015 YTD: Estimated Rental Income** |
| **$49,500.00** | **2014: Estimated Rental Income** |

B7 (Official Form 7) (04/13)
2

**3. Payments to creditors**

None
■   *Complete a. or b., as appropriate, and c.*

a.   *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■   b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225˚.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■   c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☐   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **12SP835** **CT Salyer, Substitute Trustee** **VS** **Augusta Bernadette Turner** | **Foreclosure** | **Wake County** | **Pending** |
| **10SP1157** **Jeremy Wilkins, Substitute Trustee** **VS** **Augusta Bernadette Turner** | **Civil** | **Wake County** | **Pending** |
| **09SP3753** **Partition Action** **In the Matter of Augusta Brimage Turner** | **Partition Action** | **Wake County** | **Pending** |
| **11SP2594** **Heirs of Agusta Brimage Turner** **VS** **Celeste Turner** | **Foreclosure** | **Wake County** | **Pending** |

˚ *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B7 (Official Form 7) (04/13)
3

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **12SP2339** **John Mandulak, Substitute Trustee** **VS** **Augusta Bernadette Turner** | **Foreclosure** | **Wake County** | **Pending** |

None
■  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 5. Repossessions, foreclosures and returns

None
■  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 6. Assignments and receiverships

None
■  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7. Gifts

None
■  List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

B7 (Official Form 7) (04/13)
4

#### 8. Losses

None ■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

#### 9. Payments related to debt counseling or bankruptcy

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **The Brewer Law Firm**<br>**Attn:  Managing Agent**<br>**311 E. Edenton Street**<br>**Raleigh, NC 27601** | | **Attorney Fee: $5,000.00** |
| **Janvier Law Firm**<br>**1101 Haynes St. Suite 102**<br>**Raleigh, NC 27604** | **10/6/14**<br>**Remitter: Augusta Turner** | **$13,500.00** |

#### 10. Other transfers

None ■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

#### 11. Closed financial accounts

None ■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

B7 (Official Form 7) (04/13)
5

### 12. Safe deposit boxes

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15. Prior address of debtor

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

### 16. Spouses and Former Spouses

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

B7 (Official Form 7) (04/13)
6

| None ■ | b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice. |
|---|---|

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

| None ■ | c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number. |
|---|---|

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

| None ■ | a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case. |
|---|---|

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

| None ■ | b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101. |
|---|---|

| NAME | ADDRESS |
|---|---|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

| None ■ | a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor. |
|---|---|

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

| None ■ | b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor. |
|---|---|

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

B7 (Official Form 7) (04/13)
7

| None ■ | c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain. |

NAME                                                    ADDRESS

| None ■ | d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case. |

NAME AND ADDRESS                                        DATE ISSUED

---

**20. Inventories**

| None ■ | a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory. |

DATE OF INVENTORY            INVENTORY SUPERVISOR            DOLLAR AMOUNT OF INVENTORY
                                                             (Specify cost, market or other basis)

| None ■ | b. List the name and address of the person having possession of the records of each of the inventories reported in a., above. |

DATE OF INVENTORY                          NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY
                                           RECORDS

---

**21 . Current Partners, Officers, Directors and Shareholders**

| None ■ | a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership. |

NAME AND ADDRESS                 NATURE OF INTEREST                 PERCENTAGE OF INTEREST

| None ■ | b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation. |

NAME AND ADDRESS                 TITLE                 NATURE AND PERCENTAGE
                                                       OF STOCK OWNERSHIP

---

**22 . Former partners, officers, directors and shareholders**

| None ■ | a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case. |

NAME                             ADDRESS                 DATE OF WITHDRAWAL

| None ■ | b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case. |

NAME AND ADDRESS                 TITLE                 DATE OF TERMINATION

---

**23 . Withdrawals from a partnership or distributions by a corporation**

| None ■ | If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case. |

NAME & ADDRESS                 DATE AND PURPOSE                 AMOUNT OF MONEY
OF RECIPIENT,                  OF WITHDRAWAL                    OR DESCRIPTION AND
RELATIONSHIP TO DEBTOR                                          VALUE OF PROPERTY

B7 (Official Form 7) (04/13)
8

**24. Tax Consolidation Group.**

None ■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds.**

None ■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

* * * * * *

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date **March 6, 2015**          Signature **/s/ Augusta Bernadette Turner**

                                                  **Augusta Bernadette Turner**
                                                  **Member/Manager**

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court
### Eastern District of North Carolina

In re  **Turner Oakwood Properties, LLC**
                                                Debtor(s)

Case No.
Chapter  **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.    Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 13,500.00 |
| Prior to the filing of this statement I have received | $ | 13,500.00 |
| Balance Due | $ | 0.00 |

2.    The source of the compensation paid to me was:

    ☐ Debtor    ■ Other (specify):    **Augusta Turner**

3.    The source of compensation to be paid to me is:

    ■ Debtor    ☐ Other (specify):

4.    ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.  Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b.  Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c.  Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d.  [Other provisions as needed]
        **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following service:
        **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **March 6, 2015**

                                        **/s/ William F. Braziel III**
                                        **William F. Braziel III 39541**
                                        **Janvier Law Firm**
                                        **1101 Haynes Street Suite 102**
                                        **Raleigh, NC 27604**
                                        **919-582-2323  Fax: 866 809-2379**

# United States Bankruptcy Court
## Eastern District of North Carolina

In re    **Turner Oakwood Properties, LLC**                    ,        Case No. _____

                                    Debtor

                                                              Chapter_____**11**_____

# LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **None** | | | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Member/Manager of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date___**March  6, 2015**_____        Signature _**/s/ Augusta Bernadette Turner**_____

                                                              **Augusta Bernadette Turner**
                                                              **Member/Manager**

*Penalty for making a false statement or concealing property*:   Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C §§  152 and 3571.

___**0**___ continuation sheets attached to List of Equity Security Holders

# United States Bankruptcy Court
## Eastern District of North Carolina

In re   **Turner Oakwood Properties, LLC**

Debtor(s)

Case No.

Chapter   **11**

# VERIFICATION OF CREDITOR MATRIX

I, the Member/Manager of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:   **March  6, 2015**

**/s/ Augusta Bernadette Turner**
**Augusta Bernadette Turner/Member/Manager**
Signer/Title

Date:   **March  6, 2015**

**/s/ William F. Braziel III**
Signature of Attorney
**William F. Braziel III 39541**
**Janvier Law Firm**
**1101 Haynes Street Suite 102**
**Raleigh, NC 27604**
**919-582-2323   Fax: 866 809-2379**

.

Aaron Kaalund
c/o Brian Darer
301 Fayettville Street Suite 1400
Raleigh, NC 27601

Internal Revenue Service
Attn:  Managing Agent
PO Box 7346
Philadelphia, PA 19101-7346

Various Tentants

Bank of America
Mail Stop CA6-919-01-23
400 National Way
Simi Valley, CA 93065

J Stephen Baker, DDS
Attn: Managing Agent
200 Sawmill Road
Raleigh, NC 27615

Wake County Revenue Departmen
Attn: Managing Agent
PO Box 2331
Raleigh, NC 27602

Bank of America
Attn: Managing Agent
450 American St
Simi Valley, CA 93065

Johnny Beale
Painting and Home Improvement
105 Saddleview Lane
Franklinton, NC 27525

Wake County Revenue Dept.
Attn: Laverne Rountree
PO Box 2331
Raleigh, NC 27602

Capital Ford
Attn: Managing Agent
4900 Capital Blvd.
Raleigh, NC 27616

Joseph J. Vonnegut
Hutchens, Senter, Kellam, & Pettit
P.O. Box 2505
Fayetteville, NC 28302

Wells Fargo Bank, N.A.
Attn: Managing Agent
MAC# D3347.014 3476 Stateview B
Fort Mill, SC 29715

Daria Anne Barrett
Brock and Scott, PLLC
5121 Parkway Blvd., Ste. 400
Charlotte, NC 28217

Kimberly A. Sheek
Shapiro & Ingle
10130 Perimeter Parkway, Suite 400
Charlotte, NC 28216

Elite Pool & Spa
Attn: Managing Agent
P.O.Box 1804
Garner, NC 27529

Matthew Underwood
Brock and Scott, PLLC
5121 Parkway Blvd.
Charlotte, NC 28217

Francis Turner
Attn: Managing Agent
10001 Windstream Drive Suite 802
Columbia, MD 21044

NC Dept. of Revenue
Attn: Bankruptcy Unit
PO Box 1168
Raleigh, NC 27602-1168

Frank Turner
Attn: Managing Agent
7125 Brandywine Way
Columbia, MD 21046

Neil D. Jonas
Rogers Townsend & Thomas, PC
2550 W. Tyvola Road., Ste. 520
Charlotte, NC 28217

Green Tree Servicing, LLC
Attn: Managing Agent
P.O. Box 6154
Rapid City, SD 57709-6154

PSNC
Attn: Managing Agent
P.O. Box 100256
Columbia, SC 29202

# United States Bankruptcy Court
## Eastern District of North Carolina

In re   **Turner Oakwood Properties, LLC**

Debtor(s)

Case No.

Chapter   **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Turner Oakwood Properties, LLC**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

■ None [*Check if applicable*]

**March  6, 2015**

Date

**/s/ William F. Braziel III**

**William F. Braziel III 39541**

Signature of Attorney or Litigant

Counsel for   **Turner Oakwood Properties, LLC**

**Janvier Law Firm**
**1101 Haynes Street Suite 102**
**Raleigh, NC 27604**
**919-582-2323 Fax:866 809-2379**