**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**RALEIGH DIVISION**

IN RE:

Turner Oakwood Properties, LLC     CASE NO. 15-01276-5-DMW

        Debtor.     CHAPTER 11

CHAPTER 11 PLAN

NOW COMES TURNER OAKWOOD PROPERTIES, LLC ("Debtor"), debtor-in-possession in this Chapter 11 case and files the following Chapter 11 Plan pursuant to § 1121(a) of the Bankruptcy Code.

ARTICLE I
DEFINITIONS

The following terms used in the Chapter 11 Plan shall, unless the context otherwise requires, have the meanings specified below:

1.1     Administrative Expense Claim:  a cost or expense of administration in the case allowable under § 503(b) of the Bankruptcy Code, including but not limited to any actual, necessary expense of preserving or liquidating the estate, any actual, necessary expense of operating the business of the Debtor, any actual, necessary expense of consummating the Plan and all allowances, costs and fees approved by the Bankruptcy Court in accordance with § 330 of the Bankruptcy Code.

1.2     Allowed Administrative Expense Claim:  any existing or future Administrative Expense Claim either (i) for which a fee application has been filed and which has been allowed by a Final Order, or (ii) as to any other Administrative Expense Claim, an application was filed; and (a) no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by this Plan, or (b) any timely objection thereto has been determined and all or some portion of the claim has been allowed by a Final Order.

1.3     Allowed Claim:  any claim (a) which shall have been listed by the Debtor as undisputed, non-contingent and liquidated on the Schedules filed with the Court; (b) which shall have been properly filed as a Proof of Claim with the United States Bankruptcy Court prior to Confirmation, and to the extent that the underlying claim is based on a judgment, such judgment is a final judgment for which no appeal by the Debtor is pending in state or federal court, and to which Debtor does not file an objection with the United States Bankruptcy Court, or which is ultimately allowed by the Bankruptcy Court over such an objection; or (c) which arose out of the rejection of an executory contract or unexpired lease as provided for by the terms of this Plan,

and which shall have been properly filed as a Proof of Claim with the United States Bankruptcy Court on or before the expiration of thirty (30) days after the Effective Date, and to which Debtor does not file an objection or which is ultimately allowed by the Bankruptcy Court over any such objection. Where there is a difference between the amounts scheduled as undisputed by the Debtor in their Schedules and the amount set forth in the Proof of Claim filed by an affected creditor, the amount shown in the Proof of Claim shall govern for purposes of allowance unless objected to by the Debtor, in which case, the Claim shall be the amount allowed by the Bankruptcy Court.  Unless otherwise specified in the Plan, Allowed Claim shall not include interest on the principal amount of the claim from and after the Filing Date.

1.4    Allowed Unsecured Claim:  an Unsecured Claim that is or has become an Allowed Claim.

1.5    Allowed Priority Tax Claim:  a Priority Tax Claim, which is or has become an Allowed Claim.

1.6    Allowed Secured Claim:  a Secured Claim, which is or has become an Allowed Claim.

1.7    Ballot:  the form or forms which will be distributed to Creditors and the holders of Equity Interests together with a disclosure statement pursuant to § 1125 of the Bankruptcy Code in connection with the Debtor's solicitation of acceptance or rejections of this Plan.

1.8    Bankruptcy Code:  the Bankruptcy Reform Act of 1978, as amended, title 11 of the United States Code, in effect on the Filing Date.

1.9    Bankruptcy Court:  the United States Bankruptcy Court for the Eastern District of North Carolina, including the United States Bankruptcy Judge presiding in this case.

1.10   Bankruptcy Rules:  the Federal Rules of Bankruptcy Procedure, as amended, in effect on the Filing Date.

1.11   Business Day:  shall mean any day on which banks are open to carry on their ordinary commercial banking business in the State of North Carolina.

1.12   Chapter 11 Case:  the Chapter 11 Case of TURNER OAKWOOD PROPERTIES, LLC case no. 15-01276-5-DMW, commenced under the provisions of Chapter 11 of the Bankruptcy Code on the Filing Date in the Bankruptcy Court.

1.13   Claim:  any right to payment, or any right to an equitable remedy for breach of performance if such breach gives rise to right to payment, whether or not such right to payment or right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

1.14   Class:  a class of Claims or Equity Interests as indicated in the Plan.

1.15 Confirmation Date: the date upon which an order confirming this Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code, entered by the Bankruptcy Court, becomes a Final Order.

1.16 Creditor: any Entity that is the holder of a Claim against the Debtor that arose on or before the Filing Date or a Claim against the Debtor's estate of the kind specified in §§ 502(g), 502(h), or 502(i) of the Bankruptcy Code.

1.17 Debtor: TURNER OAKWOOD PROPERTIES, LLC, the debtor in the Chapter 11 Case.

1.18. Disclosure Statement: the disclosure statement, as amended and supplemented, and approved by the Bankruptcy Court for use in connection with the solicitation of acceptances of this Plan.

1.19 Disputed Claim: any Claim that is not an Administrative Expense Claim and either (i) is scheduled by a Debtor as disputed, contingent or unliquidated, or (ii) proof of which has been filed with the Bankruptcy Court and an objection to the allowance thereof, in whole or in part, has been or is interposed prior to the final date provided under this Plan for the filing of such objections (or thereafter pursuant to an order of the Bankruptcy Court) and which objection has not been settled or determined by a Final Order.

1.20 Disputed or Unresolved Administrative Expense Claim: any existing or future Claim that is an Administrative Expense Claim and either : (i) (a) an application for payment was or will be filed on or before the date designated by this Plan, or pursuant to any order of the Bankruptcy Court, as the last date for filing the application for payment; and (b) as to which either (I) an objection to the allowance thereto has been interposed within the applicable period of limitation that has not yet been resolved by a Final Order, or (II) no Final Order has been issued if a Final Order is required by § 330 of the Bankruptcy Code; or (ii) an application for payment was filed after the last date designated for such filing as described above, whether or not an objection to the allowance thereof has been interposed.

1.21 Distributable Property: the property distributable to Creditors under this Plan, after deduction for any expenses properly chargeable against the Distributable Property in accordance with this Plan.

1.22 Effective Date: the date occurring fifteen (15) days after the Confirmation Date.

1.23 Entity: an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, or an incorporated organization.

1.24 Equity Interest: any equity interest in the Debtor as of the Filing Date.

       1.25    Filing Date: March 6, 2015, the date upon which the Debtor filed with the Bankruptcy Court its petition for relief under title 11, commencing the Chapter 11 Case.

       1.26    Final Order: an order or judgment of the Bankruptcy Court that has not been reversed, stayed, modified or amended and as to which any prescribed time to appeal has expired and no petition for certiorari is pending, or as to which any right to appeal or petition for certiorari has been waived in writing in a manner satisfactory to the Debtor or, if an appeal or certiorari thereof has been sought, the order or judgment of the Bankruptcy Court has been affirmed by the highest court to which the order was appealed, or certiorari has been denied, and the prescribed time to take any further appeal or to seek certiorari or further reargument or rehearing of any appeal has expired.

       1.27    Insider: shall refer, separately and collectively, to any director, officer, or person in control of the Debtor, a partnership in which the Debtor is a general partner; a general partner of the Debtor or relative of a general partner, director, officer, or person in control of the Debtor, or any entity which is an insider as defined in 11 U.S.C. 101(31).

       1.28    Plan: this Plan of Reorganization, either in its present form or as it may be altered, amended or modified from time to time.

       1.29    Priority Tax Claim: any Claim, other than an Administrative Expense claim, which is entitled to priority in payment under § 507(a)(8) of the Bankruptcy Code.

       1.30    Pro Rata: the ratio, as of the date of determination thereof, of the amount of the Allowed Claims held by any Creditor in the indicated Classes to the aggregate to the amount of Allowed Claims in the indicated Classes (including, in each such calculation, the full amount of Disputed Claims in the indicated Classes that have been asserted or are otherwise pending and that have not yet been allowed or otherwise disposed of).

       1.31    Secured Claim: the portion of any Claim against the Debtor determined in accordance with section 506(a) of the Bankruptcy Code, as of the Confirmation Date, secured by a valid, perfected and unavoidable lien.

       1.32    Secured Rate: Simple interest at the rate of 4.0%, or such interest rate as the Bankruptcy Court finds is necessary for confirmation of this Plan.

       1.33    Unclaimed Property: any funds which are unclaimed on the 120th day following the date on which such Unclaimed Property was mailed or otherwise sent to the holder of an Allowed Claim or allowed Administrative Expense Claim pursuant to this Plan, and shall include (i) checks (and the funds represented thereby) that have been returned as undeliverable without a proper forwarding address, (ii) funds for checks which have not been presented for payment and paid, and (iii) checks (and the funds represented thereby) that were not mailed or delivered because of the absence of a proper address to which to mail or deliver such property.

1.34    Unsecured Claim:  any Claim other than an Administrative Expense Claim, a Priority Tax Claim, a Secured Claim, or an Equity Interest.

1.35    Unsecured Creditor:  any Creditor that holds an Unsecured Claim.

1.36    Unsecured Rate: the Federal Judgment Rate on the Effective Date or such rate necessary to confirm the Plan.

## ARTICLE II
## CONSTRUCTION

2.1    Applicability of the Bankruptcy Code and Bankruptcy Rules: Where not inconsistent or in conflict with the provisions of the Plan, the words and phrases used herein shall have the meanings ascribed thereto in the Bankruptcy Code and in the Bankruptcy Rules.

## ARTICLE III
## MEANS FOR IMPLEMENTING PLAN

3.1    Means for Implementing the Plan.  The Debtor is a North Carolina Limited Liability Company which owns 75% interest in four (4) separate pieces of residential property which has been subdivided for purposed of renting; The properties are: (1) 10 N. Bloodworth St., Raleigh, NC 26701 (2) 6 N. Bloodworth St., Raleigh, NC 27601, (3) 7 N. East St., Raleigh, NC 27601 (4) 404 E. Edenton St., Raleigh, NC 27601. The Debtor shall fund the Plan by continuing to lease out units in the above referenced properties.

3.2    Closing Case.  After substantial consummation of the Debtor's Chapter 11 Plan, the Chapter 11 Case will be closed.

3.3    Pre-Payment Penalties.  There shall be no pre-payment penalties in the event that the Debtor is able to make Plan payments ahead of any scheduled dates or time frames as set forth in the Plan.

3.4    Assignment of Debts.  In the event the property is sold, any outstanding debts will be freely assignable and any and all applicable liens shall continue to run with the property.

ARTICLE IV
CLASSIFICATION OF
CLAIMS AND EQUITY INTERESTS

4.1    Classification of Claims and Interests.  Claims and Equity Interests shall be classified as follows:

Class 1 - Allowed Administrative Expense Claims
Class 2 – Allowed and Secured and Priority Tax Claims
Class 3 - Ad Valorem Tax Claims
Class 4 - Allowed Secured Claim of Bank of America
Class 5 - Allowed Secured Claim of GreenTree Servicing, LLC
Class 6 - Allowed Secured Claim of Wells Fargo Bank, N.A.
Class 7 - Allowed Secured Claim of Francis and Frank Turner
Class 8 - Allowed Secured Judgments Against Augusta Bernadette Turner
Class 9 – Allowed Secured Judgments Against Stephena Ann Kelly Turner Williams
Class 10 --Allowed General Unsecured Claims

ARTICLE V
PROVISIONS FOR TREATMENT
OF ALLOWED ADMINISTRATIVE EXPENSE CLAIMS
(Class 1 Claims)

5.1    Description of Class.  Class 1 is composed of Allowed Administrative Expense Claims.  An Allowed Administrative Expense Claim shall be one that is:  (i) an Allowed Administrative Expense Claim as of the Effective Date, or (ii) an Administration Claim that is disputed on the Effective Date which has been allowed by entry of a Final Order approving such Allowed Administrative Expense Claim.

5.2    Treatment.  Subject to the terms and conditions of this Article V, (i) each Administrative Expense Claim that is an Allowed Administrative Expense Claim on the Effective Date shall be satisfied in full on the Effective Date, or as otherwise may be agreed by the holder of such Allowed Administrative Expense Claim; and (ii) each Administrative Expense Claim that is disputed on the Effective Date shall be satisfied within ten (10) Business Days after entry of a Final Order approving such Claim as an Allowed Administrative Expense Claim, or as otherwise may be agreed by the holder of an Allowed Administrative Expense Claim.

5.3    Allowance of Claims.  Creditors shall file an application for payment for any Administrative Expense Claim on or before the Effective Date.  Failure to file a timely application for payment shall bar any person or Entity for asserting such Claim against the Debtor, except any professional rendering services to the Debtor and required to file an application for compensation pursuant to 11 U.S.C. § 328.  The Debtor shall file any objection to an application for payment within thirty (30) days after the Effective Date.  Failure to make a

timely objection as to a timely filed application for payment of an Administrative Expense Claim shall result in the amount set forth in such timely filed application for payment being an Allowed Administrative Expense Claim.

    5.4    Impairment Status. Class 1 is unimpaired under the Plan.

# ARTICLE VI
## ALLOWED SECURED AND PRIORITY TAX CLAIMS
### (Class 2 Claims)

    6.1    Description of Class. Class 2 Claims are comprised of Allowed Secured Tax Claims and Allowed Priority Tax Claims, except ad valorem taxes.

    6.2    Treatment. Class 2 Claims shall be paid in full with interest at the rate set by Internal Revenue Code sections 6601 and 6621 in equal quarterly payments, so that the last payment shall be due within five years of the filing date. The first such payment shall be due on the first day of the month following the Effective Date.

    6.3    Impairment Status. Class 2 Claims are impaired.

# ARTICLE VII
## TREATMENT OF ALLOWED AD VALOREM TAX CLAIMS
### (Class 3 Claims)

    7.1    Description of Class. Class 3 is comprised of all claims for taxes owed by the Debtor to any city, county, or other municipality or taxing entity entitled to tax the property of the Debtor based upon the value of the property assessed.

    7.2    Treatment of Claims. Class 3 Claims shall be paid in full with interest at the rate set by Internal Revenue Code sections 6601 and 6621 in equal quarterly payments, so that the last payment shall be due within five years of the filing date. The first such payment shall be due on the first day of the month following the Effective Date.

    7.3    Impairment Status. Class 3 Claims are impaired under the Plan.

# ARTICLE VIII
## TREATEMENT OF ALLOWED SECURED CLAIM OF BANK OF AMERICA
### (Class 4 Claims)

    8.1    Description of Class. Class 4 is comprised of all Allowed Secured Claims of Bank of America on 6 N. Bloodworth, Raleigh, NC 27601.

8.2     Treatment of Claims.  The Allowed Claims of Class 4 shall be placed in current, non-default status.  The secured claim shall be amortized over thirty (30) years, or such period as the Court finds necessary for confirmation, at the Secured Rate. The Debtor shall make monthly payments according to such amortization. To be entitled to receive payments, Class 4 shall be required to send monthly statements to the Debtor showing the payments due and the application of previous payments. Payments under this Plan to Class 4 shall be made on the first day of the month, with the first such payment to be made on the first day of the month following the Effective Date.  Class 4 shall retain its lien on the Debtor's real property located at 6 N. Bloodworth St, Raleigh, NC 27601, until paid in full according to the terms of the Plan.

8.3     Impairment Status.  Class 4 Claims are impaired under the Plan.

## ARTICLE IX
## TREATMENT OF ALLOWED SECURED CLAIM OF GREENTREE SERVICING, LLC
(Class 5 Claims)

9.1     Description of Class. Class 5 is comprised of all Allowed Secured Claim of GreenTree Servicing, LLC on 7 N. East St. Raleigh, NC 27601.

9.2     Treatment of Claims. The Allowed Claims of Class 5 shall be placed in current, non-default status.  The secured claim shall be amortized over thirty (30) years, or such period as the Court finds necessary for confirmation, at the Secured Rate. The Debtor shall make monthly payments according to such amortization. To be entitled to receive payments, Class 5 shall be required to send monthly statements to the Debtor showing the payments due and the application of previous payments. Payments under this Plan to Class 5 shall be made on the first day of the month, with the first such payment to be made on the first day of the month following the Effective Date.  Class 5 shall retain its lien on the Debtor's real property located at 7 N. East St. Raleigh, NC 27601, until paid in full according to the terms of the Plan.

9.3     Impairment Status. Class 5 Claims are impaired under the Plan.

## ARTICLE X
## TREATMENT OF ALLOWED SECURED CLAIM OF WELLS FARGO BANK, N.A.
(Class 6 Claims)

10.1     Description of Class. Class 6 is comprised of all Allowed Secured Claim of Wells Fargo Bank, N. A. on 404 E. Edenton St. Raleigh, NC 27601.

10.2     Treatment of Claims. The Allowed Claims of Class 6 shall be placed in current, non-default status.  Class 6's Secured Claim shall be amortized over thirty (30) years, or such period as the Court finds necessary for confirmation, at the Secured Rate. The Debtor shall make monthly payments according to such amortization. To be entitled to receive payments, Class 6 shall be required to send monthly statements to the Debtor showing the payments due and the application of previous payments. Payments under this Plan to Class 6 shall be made on the first

day of the month, with the first such payment to be made on the first day of the month following the Effective Date. Class 6 shall retain its lien on the Debtor's real property located at 404 E. Edenton, St. Raleigh, NC 27601, until paid in full according to the terms of the Plan.

## ARTICLE XI
## TREATMENT OF ALLOWED SECURED CLAIMS OF FRANK AND FRANCIS TURNER
### (Class 7 Claims)

11.1    Description of Class. Class 7 is comprised of the Allowed Claims of Frank and Francis Turner on 10 N. Bloodworth St. Raleigh, NC 27601

11.2    Treatment of Claims. The Allowed Claims of Class 7 shall be placed in current, non-default status. Class 7's Allowed Claim shall be amortized over fifteen (15) years, or such period as the Court finds necessary for confirmation, with an interest rate of five percent (5%). The Debtor shall make monthly payments according to such amortization. Payments under this Plan to Class 7 shall be made on the first day of the month, with the first such payment to be made on the first day of the month following the Effective Date. Class 7 shall retain its lien on the Debtor's real property located at 10 N. Bloodworth St. Raleigh, NC 27601, until paid in full according to the terms of the Plan.

11.3.    Impairment Status. Class 7 Claims are impaired under the Plan.

## ARTICLE XII
## TREATMENT OF ALLOWED SECURED JUDGMENTS AGAINST AUGUSTA BERNADETTE TURNER
### (Class 8 Claims)

12.1    Description of Class. Class 8 is comprised of all Allowed Judgments Against Augusta Bernadette Turner existing as of the petition date that have attached to the Debtor's property.

12.2    Treatment of Claims. Class 8's Allowed Claims shall be paid in full directly from Augusta Bernadette Turner within 60 days of the effective date of the plan.

12.3    Impairment Status. Class 8 Claims are impaired under the Plan.

## ARTICLE XII
## TREATMENT OF ALLOWED SECURED JUDGMENTS AGAINST STEPHENA ANN KELLY TURNER WILLIAMS
(Class 9 Claims)

13.1   Description of Class. Class 9 is comprised of all Allowed Judgments Against Stephena Ann Kelly Turner Williams existing as of the petition date.

13.2   Treatment of Claims. Class 9's Allow Claims shall be amortized over two (2) years, or such period as the Court finds necessary for confirmation, with interest at the Secured Rate. The Debtor shall make monthly payments according to such amortization. Payments under this Plan to Class 9 shall be made on the first day of the month, with the first such payment to be made on the first day of the month following the Effective Date.  Class 9 Claims shall retain its lien on property of the Debtor, until paid in full according to the terms of the Plan. As of the Petition Date the Debtor listed three judgments against Stephena Ann Kelly Turner Williams: (1) Capital Ford (2) Elite Pool & Spa (3) J. Stephen Baker DDS. The judgments are listed as unknown in the Debtor's petition. If any of the class 9 claims fail to file a proof of claim by the bar date, that claim will be denied and that creditor shall be required to file a cancelation of judgment with the Wake County Clerk of Court within 30 days of the Effective Date of the Plan.

13.4   Impairment Status. Class 9 Claims are impaired under the Plan.

## ARTICLE XIII
## ALLOWED GENERAL UNSECURED CLAIMS
(Class 10 Claims)

14.1   Description of Class. Class 10 is comprised of all Allowed Unsecured Claims not treated elsewhere in the Plan.

14.2   Treatment of Claims. The Debtor shall pay Class 10's claims in full as of 180 days of the Effective Date of the Plan.

14.3   Impairment Status. Class 10 claims are impaired under the Plan.

## PROVISION FOR TREATMENT OF ALLOWED CLAIMS UNDER UNEXPIRED LEASES AND EXECUTORY CONTRACTS

15.1   Unexpired Leases and Executory Contracts. The confirmation of the Plan shall act as an acceptance of all existing leases on which the Debtor is the lessor.  The confirmation of the Plan shall act as an acceptance of all other executory contracts and leases, other than those rejected prior to confirmation of the Plan. All parties shall have thirty (30) days from the Effective Date to file proof of claims for rejection damages.

## ARTICLE XIV
## CAUSES OF ACTION

16.1    Except as expressly provided otherwise in this Plan, the Debtor may pursue any causes of action arising under §§ 544, 545, 547, 548, 549, 550, or 553(b) of the Bankruptcy Code, or under any similar provisions of applicable state law to recover any preferences or fraudulent conveyances from any person. Funds recovered as a result of such actions shall be applied first in reimbursement of attorney's fees and other costs of such actions, and then the remainder shall be the property of the Debtor.  **The Debtor intends to pursue any and all actions and/or potential actions described in its schedules.**

## ARTICLE XV
## CONFIRMATION AS WAIVER AND RELEASE

17.1    Waiver against and Release of Debtor. Confirmation shall constitute waiver and release of the right to pursue litigation and causes of action against the Debtor, which release is supported by the requirements of this Plan and covenants contained herein.

## ARTICLE XVI
## POST-CONFIRMATION OPERATIONS

18.1    Post-Confirmation Operations. The Debtor shall be managed and operated in accordance with the terms of this Plan, the organizational documents, and North Carolina law.

18.2    Management of the Debtor.  Management of the Debtor shall be vested as provided in the organizational documents. The manager(s) in place at the time of the petition in this case shall remain in place.  The Debtor shall administer the terms of the confirmed Plan in all respects.

18.3    Professional Compensation. Professional fees and expenses will be paid on the Effective Date or as soon thereafter as they are approved by the Bankruptcy Court. Fees and expenses occurring following confirmation will be paid without prior Bankruptcy Court approval.

## ARTICLE XVII
## EXECUTION OF THE PLAN

19.1     Payments.  The Debtor will make payments of the Allowed Claims as provided in this Plan.

19.2     Events of Default. The occurrence of any of the following shall constitute an Event of Default of this Plan.

   (i)     Failure to make payment as such payment comes due under the Plan.

19.3     Remedies Upon Default. Upon the occurrence of any Event of Default which not excused, postponed, modified, or waived, and after giving notice to the Debtor and an opportunity to cure within 15 days, holders of claims and parties in interest may exercise all rights and remedies available under the Plan, the Code and state law.

19.4     Revesting of Property of the Debtor. All of the assets of the Debtor will be retained by the Debtor and on the day an entry of an order confirming the Plan, the Debtor will hold all right, title and interest of the property of the Debtor.

## ARTICLE XVIII
## MODIFICATION OF THE PLAN

20.1     Modification Prior to the Confirmation.  Modification of the Plan may be proposed in writing by the Debtor at any time before the Confirmation Date, provided that such Plan, as modified, meets the requirements of §§1122 and 1123 of the Code, and that the Debtor has complied with §1125 of the Code.

20.2     Modification After Confirmation. This Plan may be modified at any time after the Confirmation Date and before its substantial consummation, provided that such Plan, as modified, meets the requirements of §§1122 and 1123 of the Code, and that the Court, after notice and a hearing confirms such Plan as modified.

20.3     Deemed Acceptance or Rejection of Modification.  A holder of a claim or interest that has accepted or rejected the Plan, as the case may be, is deemed to have accepted the Plan as modified unless such holder files a notice to the contrary within the time period for such notice affixed by the Court.

20.4     Defects or Omissions.   After confirmation, the proponents of the Plan may, with approval of the Court, remedy any defect or omission or reconcile any inconsistencies in the Plan, Disclosure Statement or the Confirmation Order in such manner as may be necessary to carry out the purposes and effect of the Plan, Disclosure Statement or Confirmation Order, so long as the such remedy does not materially or adversely affect the interests of creditors and other parties in interest.

## ARTICLE XIX
## OTHER PROVISIONS

21.1    Extension of Payment Dates.  If any payment under the Plan falls due on a Saturday, Sunday, or other day which is not a Business Day, then such due date shall be extended to the next following Business Day.

21.2    Notices.  Any notice to the Debtor under any obligations created or governed by this Plan must be in writing and sent by registered or certified mail, postage pre-paid, and addressed as follows (and to such other address as the Debtor may notify the creditor in writing):

> TURNER OAKWOOD PROPERTIES, LLC
> Attn: Augusta B. Turner
> 10 N. Bloodworth St.
> Raleigh, NC 27601

With Copies to:

> William P. Janvier, Esq.
> Janvier Law Firm, PLLC
> 1101 Haynes Street, Suite 102
> Raleigh, NC 27604

21.3    Reduction of Notice Periods. The notice period applicable to service of any notices on the creditors otherwise applicable, pursuant to the provisions of the Code or this Plan, including any notice of hearing on application or allowance of compensation of professional persons pursuant to Section 330 of the Code, is reduced to a fifteen (15) day period, inclusive of the three days for mailing pursuant to Rule 9006(f) of the Bankruptcy Rules with the exception of any applicable notice period relating to modification of the Plan prior to or after confirmation pursuant to Sections 1122 and 1123 of the Code. If no objections are filed in writing with the Court within said fifteen (15) day notice period, any said motion may be allowed by the Court without the necessity of further notice or hearing.

21.4    Exemption from Transfer Taxes. Pursuant to section 1146(a) of the Bankruptcy Code, the issuance, transfer or exchange of notes or equity securities under the Plan, the creation of any mortgage, or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any instrument of transfer under, in furtherance of, or in connection with the Plan, including, without limitation, deeds, or bills of sale or assignments of personal property executed in connection with any of the transactions contemplated under the Plan, will not be subject to any stamp, real estate transfer, mortgage recording, sales, use or other similar tax. All sale transactions consummated by the Debtor and approved by the Bankruptcy Court on and after the Petition Date through and including the Effective Date, including, without

limitation, the sale by the Debtor of owned property pursuant to section 363(b) of the Bankruptcy Code and the assumption, assignment and sale by the Debtor of unexpired leases of non-residential real property pursuant to section 365(a) of the Bankruptcy Code, will be deemed to have been made under, in furtherance of, or in connection with the Plan and, thus, will not be subject to any stamp, real estate transfer, mortgage recording or other similar tax. In addition, each of the relevant state or local governmental officials or agents will forego the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment consistent with the applicable provisions of this Plan.

21.5    Procedure for Payment of Professional Fees and Expense Reimbursement. Current counsel for the Debtor and Reorganized Debtor, and the current Court approved accountants for the Debtor and Reorganized Debtor shall not be subject to the fee application process for services rendered post-confirmation in furtherance or implementation of the confirmed Plan.

21.6    No Representations or Warranties Concerning Tax Attributes/Consequences. Neither Debtor nor the Reorganized Debtor make any representations or warranties to any creditor of the Debtor concerning the tax consequence of confirmation of this Plan of Reorganization, the effect of this Chapter 11 case, or as to the status of tax attributes of the Debtor or Reorganized Debtor.

21.7    Members and Managers of Reorganized Debtor. On the Effective Date, existing Managers shall succeed as managers of the Reorganized Debtor.

21.8    Transfer of Claims. Claims may be transferred and will be honored only in accordance with Bankruptcy Rule 3001.

## ARTICLE XX
## RETENTION OF JURISDICTION

22.1    The Bankruptcy Court shall, after Confirmation, retain jurisdiction of this case to hear and determine the allowance of claims and all claims against the Debtor pursuant to Section 502 of the Code; to determine the allowance of timely filed claims resulting from the rejection of executory contracts; to determine any issues in pending adversary proceedings, and in adversary proceedings commenced post-confirmation, including, but not limited to, avoidance or turnover actions; to determine any dispute as to the classification or allowance of claims; to fix and determine all pre-confirmation professional fees and other costs of administration; to require the performance of any act contemplated by the provisions of this Plan necessary for the consummation of the Plan; to resolve all the matters as may be set forth in the Order of Confirmation. In the event an appeal is perfected from the Order confirming the Plan, the Bankruptcy Court shall also retain jurisdiction to enter such Orders regarding the disbursement of funds under the Plan or the consummation thereof as may be necessary to protect the interest of the Debtor, its creditors and parties in interest.

## ARTICLE XXI
## DISCLOSURE STATEMENT

The attention of holders of claims and interests is directed to the Disclosure Statement.

## ARTICLE XXII
## CONFIRMATION FOR IMPAIRED CLASS NOT ACCEPTING THE PLAN

With respect to any impaired class of creditors not accepting the Plan by the requisite majority in number and two-thirds (2/3) in amount, the proponent of this Plan requests the Court to find that the Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under the Plan and that the Court should confirm the Plan without such acceptances by said impaired class or classes.

Respectfully submitted this the 18th day of June, 2015.


TURNER OAKWOOD PROPERTIES, LLC
A North Carolina Limited Liability Company

s/August Bernadett Turner_____
 Augusta Bernadette Turner, Member/Manager



**JANVIER LAW FIRM, PLLC**

 /s/ William P. Janvier_____
William P. Janvier
N.C.S.B. No. 21136
1101 Haynes Street, Suite 102
Raleigh, NC 27604
Telephone: (919) 582-2323

4829-3541-7124, v.  1