**SO ORDERED.**

**SIGNED this 7 day of October, 2015.**

_____

**David M. Warren**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

**IN RE:**

| | |
|---|---|
| **Turner Oakwood Properties, LLC** | **CASE NO. 15-01276-5-DMW** |
| **Debtor.** | **CHAPTER 11** |

**ORDER CONFIRMING PLAN OF REORGANIZATION**

The Plan of Reorganization under Chapter 11 of the United States Bankruptcy Code filed by Turner Oakwood Properties, LLC on June 18, 2015 (hereinafter the "Plan"), having been transmitted to creditors and security holders of the above referenced Debtor (hereinafter the "Debtor"); sufficient and proper notice having been given; and the Plan having come before the court for hearing on confirmation on September 1, 2015; and it appearing to the Court, and the Court finding that:

1.   It has been determined that the Disclosure Statement relating to the Plan of Reorganization filed by the Debtor on June 18, 2015, contains adequate information as required by 11 U.S.C. § 1125 and was conditionally approved pursuant to an Order of this Court dated June 19, 2015.

2.   Paragraph 7.2 of the Plan is amended and replaced as follows:

1

"7.2A   Treatment.  Treatment of Claims.  Class 3 Claims shall be paid in full with interest at the rate set by N.C.G.S. 150-360 in equal quarterly payments, so that the last payment shall be due within five years of the filing date.  The first such payment shall be due on the first day of the month following the Effective Date"

    3.      Paragraph 8.1 has the addition of the following footnote:

"Servicing of this loan was transferred to Caliber Home Loans, Inc. during the pendency of the bankruptcy proceeding."

    4.      Paragraph 8.2 of the Plan is amended and replaced as follows:

"8.2   Treatment of Claims.  The Allowed Claims of Class 4 shall be placed in current, non-default status. The claim shall be treated as a fully secured claim, to include Caliber Home Loans, Inc's fees and costs.  The secured claim shall be amortized over forty (40) years, at the interest rate of 4.75, and the claim shall be paid in full no later than fifteen (15) years from the Effective Date. The Debtor shall make monthly payments according to such amortization. Class 4 shall be required to send monthly statements to the Debtor showing the payments due and the application of previous payments. Payments under this Plan to Class 4 shall be made on the first day of the month, with the first such payment to be made on the first day of the month following the Effective Date. The escrow agreement for taxes and insurance shall remain in place and the loan shall remain escrowed.  For as long as the bankruptcy estate remains open and the automatic stay remains in effect, failure to make full timely monthly payments, automatically lifts the provisions of 11 U.S.C. §362 automatic stay, and Caliber Home Loans, Inc. may foreclose on the Debtor's real property located at 6 N. Bloodworth St. Raleigh, NC 27601. Class 4's security instruments remain in full force and effect, except as specifically changed, until paid in full according to the terms of the Plan."

    5.      Paragraph 11.2 of the Plan is amended and replaced as follows:

"11.2   Treatment of Claims.  The Allowed Claims of Class 7 shall be placed in current, non-default status.  Class 7's Allowed Claims shall be amortized over fifteen (15) years, with an interest rate of five percent (5%). The Debtor shall make monthly payments according to such amortization, and the claim shall be paid in full no later than five (5) years from the Effective Date. Payments under this Plan to Class 7 shall be made on the first day of the month, with the first such payment to be made on the first day of the month following the Effective Date.  Class 7 shall retain its lien on the Debtor's real property located at 10 N. Bloodworth St. Raleigh, NC 27601, until paid in full according to the terms of the Plan. Class 7's security instruments remain in full force and effect, except as specifically changed. Upon default under Article XVII paragraph 19.2 and failure to cure by the Debtor under Article XVII paragraph 19.3, Class 7 is entitled to enforce its state law remedies, including but not limited to a non-judicial foreclosure on all ownership interest in the property located at 10 N. Bloodworth St. Raleigh, NC 27601."

    6.      Paragraph 12.2 of the Plan is amended and replaced as follows:

"12.2   Treatment of Claims. Class 8's Allowed Claims shall be paid in full directly from Augusta Bernadette Turner within 60 days of the effective date of the plan. Class 8's claims shall retain its lien on all the Debtor's real property until paid in full according to the terms of the Plan."

7. A copy of the Plan as amended by this Order is attached hereto as Exhibit "A."

8. It having been determined that after hearing on notice that the requirements for confirmation set forth in 11 U.S.C. § 1129(a) have been satisfied except as to Classes 5, 6, and 7 which have not accepted the Plan, and as to that class the Plan is fair and equitable and the "cramdown" requirements for confirmation set forth in 11 U.S.C. § 1129(b) have been satisfied;

IT IS ORDERED THAT:

1. The Disclosure Statement relating to the Plan of Reorganization filed by the Debtor on June 18, 2015, contains adequate information about the Plan of Reorganization within the purview of 11 U.S.C. § 1125, and is APPROVED.

2. The Plan of Reorganization filed by the Debtor on June 18, 2015, as modified herein, is CONFIRMED.

3. The Debtor shall file Post-Confirmation Reports with the Clerk of the Bankruptcy Court pursuant to 11 U.S.C. § 1106(a)(7) with a copy served on the Bankruptcy Administrator. The first Post-Confirmation Report shall be due for the period ending September 30, 2015.  The Debtor shall file subsequent reports at the end of every succeeding quarter (March 31, June 30, September 30, or December 31), until the Plan is substantially consummated. Quarterly Reports shall reflect any progress made in consummating the Plan during the period covered by the report. Post-Confirmation Reports shall be filed in the format prescribed by the Bankruptcy Administrator.

4. The deadline for filing objections to claims is established as sixty (60) days after the occurrence of the Effective Date of the Plan.  The deadline for filing Administrative Claims is

established as thirty (30) days after the Effective Date of the Plan, except that services rendered post-confirmation by professionals employed in the case, in furtherance or implementation of the Plan, including counsel for the Debtor and accountants, shall not be subject to any deadline.

5. Within thirty (30) days of substantial consummation of the Plan, the Debtor shall file a final report, in a format prescribed by the Bankruptcy Administrator, reflecting the payments made for all costs of administration and each class of creditor, and a motion for the entry of a Final Decree pursuant to Rule 3022 of the Federal Rules of Bankruptcy Procedure. If there are any adversary proceedings pending at the time the motion for a final decree is filed, a final decree can be entered, but closing of the bankruptcy case will be deferred until the adversary proceedings are resolved.

6. The Debtor shall pay to the Clerk, United States Bankruptcy Court the sum of $0.00 for court costs. The Debtor shall continue to pay quarterly fees until it applies for its Final Decree.

7. The Debtor shall serve a copy of this Order on all creditors within five (5) days of the entry of this Order and promptly file a Certificate of Service with the Clerk.

8. To the extent consistent with the terms of 28 U.S.C. § 1334, this Court retains jurisdiction over this case with respect to the interpretation and implementation of the terms and conditions of this Order and the Plan.

**END OF DOCUMENT**